UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHONDA CRISP,

    Plaintiff,

v.

NEW BEGINNINGS BEHAVIORAL
HEALTH, LLC, et al.,

    Defendants.

Case No. 1:21-cv-180

McFarland, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff Shonda Crisp initiated this lawsuit on March 17, 2021, alleging that the Defendants violated the Fair Labor Standards Act, the Ohio Minimum Wage Act, and the Ohio Prompt Pay Act when they failed to pay her state and federally required minimum wages for all hours worked, and failed to pay her overtime wages for hours worked in excess of forty hours per week. (Doc. 1). On June 10, 2021, Plaintiff moved for the entry of default judgment against the four named Defendants, which motion has been referred to the undersigned for initial consideration. (Docs. 3, 25). The undersigned now recommends that Plaintiff's motion be GRANTED.

### II. Analysis

In order to obtain a default judgment under Federal Rule of Civil Procedure 55, a plaintiff first must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Plaintiff accomplished that in this case. After Defendants failed to appear, Plaintiff sought, and the Clerk of Court filed, entries of default against all four Defendants: New

1

Beginnings Behavioral Health, LLC, Karen Waddle, Tina Howell, and Sherrie Howell.[1] (*See* Docs. 15-20, 23-24).

Upon the Clerk's entry of default, the complaint's factual allegations regarding liability are taken as true, but the amount of damages must be proven. However, in appropriate cases, a court may determine the amount of damages without a hearing.

> Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")). The Court finds an evidentiary hearing unnecessary in this case.

*Mickens v. Sweet Twist Frozen Yogurt, LLC*, 2021 WL 2069762, at *2 (S.D. Ohio May 24, 2021). In the case presented, Plaintiff's motion is well-supported not only by a memorandum that contains appropriate citation to case law and to statutory authority, but by Plaintiff's Declaration, a "Damages Chart," and the Declaration of counsel. (Docs. 25-1, 25-2, 25-3). In addition, Plaintiff has tendered a Proposed Entry of Default Judgment that sets forth all relevant facts, including her damages. (Doc. 25-4). In the interest of judicial economy, the undersigned incorporates the language of the Proposed Entry of Default Judgment (Doc. 25-4) into this Report and Recommendation as if restated in its entirety.

---

[1] Plaintiff alleges that all four Defendants are liable for each claim. A covered employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Under Department of Labor regulations, an employee may be jointly employed by two entities [or persons], each of which is responsible for complying with the FLSA. 29 C.F.R. § 791.2

### III. Conclusion and Recommendation

Based upon the above analysis and the additional facts and analysis included in Plaintiff's Proposed Default Judgment (Doc. 25-4), **IT IS RECOMMENDED THAT** Plaintiff's motion for the entry of default judgment (Doc. 25) be **GRANTED**, with judgment to be entered against all four Defendants, jointly and severally, in the total amount of **$14,095.55**, which sum includes unpaid overtime wages equal to $5,309.94, liquidated damages equal to $5,309.94, treble damages equal to $3,157.07, and an Ohio Prompt Pay Act award of $318.60.  (*See* Doc. 25-2).  Additionally, Plaintiff's request for attorney's fees and expenses in the amount of **$7,084.66** should be granted.  (See Doc. 25-3).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SHONDA CRISP,

    Plaintiff,

    v.

NEW BEGINNINGS BEHAVIORAL
HEALTH, LLC, et al.,

    Defendants.

Case No. 1:21-cv-180

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4